UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS LIBERATORE
                                                                             PRISONER
    v.                                          Case No. 3:11cv1419(AWT)

STATE OF CONNECTICUT

ORDER

On September 27, 2011, the court ordered the petitioner to file an amended petition clearly specifying the grounds upon which the petitioner is challenging his state conviction and explaining how he presented these grounds to the state courts, either on direct appeal or through a state petition for writ of habeas corpus. In response, the petitioner has written a letter seeking an additional thirty days to file the amended petition. The request for additional time is hereby **GRANTED**. The petitioner shall file his petition on or before **December 12, 2011**.

In his letter, the petitioner states that in a case entitled West v. Rosen, the Southern District of New York ordered the state court to take action on a long-pending appeal. The petitioner does not provide a citation to this case and research reveals no case with that title. To the extent that the petitioner is seeking to invoke the mandamus jurisdiction of the federal courts, mandamus does not lie to issue orders to the state courts. See Lebron v. Armstrong, 289 F. Supp. 2d 56, 58

(D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty." ); see also Hernandez v. United States Attorney General, 689 F.2d 915, 920 (10th Cir. 1982) (federal courts lack jurisdiction to issue writ of mandamus to compel action by state court); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) (same).  The plaintiff should seek mandamus relief from the Connecticut Supreme Court, not this court.

As the court previously explained, before the petitioner can receive federal habeas corpus relief, he must exhaust all available state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  He can do this by first presenting the factual and legal bases of his federal claim to the highest state court capable of reviewing it and, second, utilizing all available means to secure appellate review of his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

In his letter, the petitioner indicated that the issues he has been prevented from raising on direct appeal include ineffective assistance of counsel, failure to charge on a lesser included offense and prosecutorial misconduct.  In Connecticut, ineffective assistance of counsel must be raised in a petition for writ of habeas corpus filed in state court.  The claim

generally will not be considered on direct appeal.  See State v. Turner, 267 Conn. 414, 426, 838 A.2d 947, 956 (explaining that the need for an evidentiary hearing requires that claims of ineffective assistance of counsel be raised in a habeas corpus action instead of on direct appeal), cert. denied, 543 U.S. 809 (2004).  Thus, if the petitioner is asking this court to excuse the exhaustion requirement because of inordinate delay in the state appellate court regarding the direct appeal of his conviction, failure to exhaust any ineffective assistance of counsel claim would not be excused.

The petitioner shall file his amended petition on or before **December 12, 2011.**  In the petition he shall specify the grounds on which he challenges his Connecticut conviction and answer all questions on the form regarding each ground for relief and how he has exhausted that ground in the state courts either on direct appeal or in a petition for writ of habeas corpus.

It is so ordered.

Dated this 10th day of November 2011, at Hartford, Connecticut.

                                              /s/AWT
                                    Alvin W. Thompson
                        United States District Judge